# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV344-C

| | |
|---|---|
| MARY A. DENNISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| REGENERON PHARMACEUTICALS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the "Defendant's Motion for Sanctions or, in the Alternative, Motion to Compel Against Plaintiff" (document #9) and its "Memorandum in Support . . ." (document #10) both filed May 3, 2007. The Plaintiff has not responded and the time for doing so has expired.

These matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motions are now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the Court will grant the Defendant's Motion in the alternative, that is to the extent it seeks to compel Rule 26 disclosures and discovery responses, as discussed below.

## I. FACTUAL AND PROCEDURAL HISTORY

The Plaintiff filed this action in the Superior Court Division of Mecklenburg County on July 3, 2006, seeking relief for alleged injuries she suffered due to her participation in one of the Defendant's drug trials. On August 10, 2006, the Defendant removed the action to this Court.

Removal has not been challenged and appears proper.

After several unsuccessful attempts to meet with the Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(A), counsel for the Defendant filed a proposed discovery plan on February 7, 2007. Chambers for the undersigned then unsuccessfully attempted several times to contact the Plaintiff's counsel telephonically, and finally, on February 20, 2007, issued a Pretrial Order and Case Management Plan with no input from the Plaintiff. On the same date, the undersigned issued an Order scheduling the Initial Pretrial Conference to be held on March 13, 2007.

The Plaintiff's counsel was present for the Initial Pretrial Conference and provided a personal explanation for his failure to participate in the lawsuit he initiated. Plaintiff's counsel was directed to correct the behavior – a direction he very apologetically agreed to follow.

However, it now appears that as of May 3, 2007, the filing of the subject Motion, Plaintiff's counsel has again failed to participate in the lawsuit he initiated. The Pretrial Order and Case Management Plan directed the Plaintiff to make her Rule 26(a) disclosures on or before March 9, 2007 – making the Plaintiff's disclosures over two months late. The Defendant has apparently given the Plaintiff several informal extensions to meet the disclosure deadline, none of which have been honored.

In addition, the Defendant initiated discovery on March 12, 2007, by sending its First Set of Interrogatories and First Requests for Production of Documents to the Plaintiff. The deadline for the Plaintiff to respond was April 16, 2007, which passed without response. Nor has the Plaintiff responded as of the current date, sought any extension of time to respond, or responded to any of the Defendant's many attempts to discuss these passed deadlines.

The next deadline in this action is for the parties to engage in a mediated settlement conference on or before June 15, 2007. The undersigned notes that mediation prior to the exchange of any discovery would significantly reduce the possibility of settlement, another consequence of Plaintiff's counsel's unprofessional nonfeasance.

## II. DISCUSSION

In its Motion, the Defendant seeks an Order:

(1) Prohibiting Plaintiff from using as evidence at a trial, at a hearing, or on a motion any witness or information required to be disclosed pursuant to Fed. R. Civ. P. Rule 26(a);

(2) Prohibiting Plaintiff from supporting her claims against Regeneron with and from introducing the information sought by Regeneron in its First Set of Interrogatories and First Requests for Production of Documents to Plaintiff;

(3) Ordering Plaintiff to reimburse Regeneron the reasonable expenses and attorney's fees Regeneron incurred in making this motion;

(4) In the alternative, compelling Plaintiff to comply with the requirements of Fed. R. Civ. P. Rule 26(a) by serving her disclosures and compelling Plaintiff to respond to Defendant's First Set of Interrogatories and First Requests for Production of Documents; and

(5) Granting such other relief as the Court deems just and proper.

The sanctions available pursuant to Federal Rule of Civil Procedure 37(c) for failure to disclose the information required by Rule 26(a) include preventing the failing party from using "as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed," and other "appropriate sanctions" such as reasonable expenses and attorney's fees.

Federal Rule of Civil Procedure 37(d) provides that failure to respond to Interrogatories can result in "any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this

3

rule," and also allows recovery of reasonable expenses and attorney's fees. The sanctions allowed pursuant to subdivision (b)(2) are as follows:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, **or dismissing the action or proceeding or any part thereof**, or rendering a judgment by default against the disobedient party . . . .

Fed. R. Civ. P. 37(b)(2)(A), (B), (C) (emphasis added).

The sanctions sought by the Defendant are severe and would likely punish the Plaintiff for the errors of her attorney. In light of the "strong preference that cases be decided on their merits," these extreme sanctions will not be applied at this time. Choice Hotels Int'l, Inc. v. Goodwin and Boone, 11 F.3d 469, 472 (4th Cir. 1993).

However, it is clear that dismissal and the imposition of monetary sanctions are appropriate remedies available under Rule 37 for a party's blatant and continuing failure to obey rules governing discovery and orders of the district court. See Fed. R. Civ. P. 37(b)(2); National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); and Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504 (4th Cir. 1977).

The undersigned warns the Plaintiff and her counsel that any failure to make Initial Disclosures or to respond to the Defendant's Interrogatories and Requests to Produce, to fail to

respond to any other of the Defendant's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions against the Plaintiff and/or her counsel personally.  **Sanctions may include the Plaintiff and/or her counsel being required to pay the Defendant's costs, including reasonable attorney's fees in their entirety, and may also include dismissal of the Complaint with prejudice**.

Accordingly, the Defendant's Motion will be granted to the extent it seeks to compel Rule 26 disclosures and responses to Interrogatories and Requests for Production.  The Plaintiff shall have up to and including **June 5, 2007** to provide her Rule 26 disclosures and discovery responses, or the Plaintiff and her counsel will be vulnerable to the sanctions discussed above.

### III.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The "Defendant's Motion for Sanctions or, in the Alternative, Motion to Compel Against Plaintiff" (document #9) is **GRANTED** to the extent it seeks the alternative relief of compelling Rule 26 disclosures and discovery responses, as discussed above.  The Plaintiff shall have up to and including **June 5, 2007** in which to serve her **Rule 26 disclosures and discovery responses**.  Failure to comply with this Order will result in equitable sanctions and/or an award of attorney's fees to the Defendant.

2. Counsel for the Plaintiff is directed to forward a copy of this Order to his **CLIENT** on or before **May 30, 2007**, and certify to this Court (by letter) that he has done so.

3. The mediation deadline is extended until **Friday, August 3, 2007**.

4. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; to the court appointed mediator (Wayne P. Huckel, Kennedy, Covington, Attorneys at Law, Hearst Tower, 47th Floor, 214 North Tryon Street, Charlotte, NC 28202); and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: May 22, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge